# Walker & Walker Law Offices, PLLC

| **Attorneys** | 4356 Nicollet Avenue South | **Paralegals** |
|---|---|---|
| Curtis K. Walker | Minneapolis, Minnesota 55409 | Jennifer Johnson, Lead |
| Andrew C. Walker | Phone: (612) 824-4357 | Meara White |
| Ethan J. Mustonen | Fax: (612) 824-8005 | Jennifer Nelson |
| Paul H. Weig | www.bankruptcytruth.com | Lisa Falk |
| Jacquelyn Qualle | | Deborah Grant |
| Andrew Johnson | | Jessica White |
| Kimberly Zillig | | Leah Likeness |

March 23, 2021

Synchrony Bank, N.A.
170 West Election Road, Suite 125
Draper, UT 84020

Re:   Summons & Complaint
      *Paul Michaud v. Synchrony Bank, N.A.*

To whom it concerns,

Please find attached and served upon you Plaintiff Paul Michaud's Summons & Complaint for his action against Synchrony Bank, N.A. for violating the Telephone Consumer Protection Act. If you have any questions, please do not hesitate to call me at (612) 824-4357 or email me at kimberly@bankruptcytruth.com.

Sincerely,

*/s/ Kimberly Zillig*
Kimberly Zillig

kimberly@bankruptcytruth.com

Enclosures

# Exhibit 1

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Paul Michaud,

    Plaintiff,

v.

Synchrony Bank, N.A.,

    Defendant.

**SUMMONS**

Court File No. _____

### THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   WALKER & WALKER LAW OFFICES, PLLC
   ATTN: Kimberly Zillig
   4356 Nicollet Avenue South
   Minneapolis, MN 55409

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: <u>March 23, 2021</u>                    <u>/s/Kimberly Zillig</u>
                                                  Kimberly Zillig (#278129)
                                                  Andrew C. Walker (#392525)
                                                  Walker & Walker Law Offices, PLLC
                                                  4356 Nicollet Avenue South
                                                  Minneapolis, MN 55409
                                                  (612) 824-4357
                                                  kimberly@bankruptcytruth.com
                                                  andrew@bankruptcytruth.com
                                                  ***Attorneys for Paul Michaud***

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

Paul Michaud,

    Plaintiff,

v.                                                    **COMPLAINT**

Synchrony Bank, N.A.,                                 Court File No. _____

    Defendant.

1. Plaintiff Paul Michaud ("Michaud") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by Synchrony Bank, N.A. ("Synchrony Bank").

2. Synchrony Bank harassed Michaud by repeatedly calling his cell phone using a robodialer, an act strictly prohibited by the TCPA.

### VENUE, PARTIES, AND JURY TRIAL

3. Michaud is a natural person residing in Hennepin County.

4. Synchrony Bank is a national association that regularly conducts business in Minnesota and Hennepin County specifically.

5. Venue is proper because Synchrony Bank regularly conducts business in Hennepin County, and because the claims at issue in this case occurred in and harmed a person living there.

6. Michaud demands a jury trial to the extent available under US Const. Amend. 7.

## THE TELEPHONE CONSUMER PROTECTION ACT

7. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

8. The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, an automated voice, or a pre-recorded message.

9. Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robodialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. See Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

## FACTS

10. Synchrony Bank routinely calls Michaud on his cell phone attempting to collect debt.

11. Synchrony Bank places these calls to Michaud using a robodialer, an artificial voice, or both.

12. When answering these robodialed calls, Michaud immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates Synchrony Bank's robodialer calling Michaud, and then connecting to a live operator at Synchrony Bank within a few seconds of answering.

13. These factors, paired with the frequency of the calls, strongly suggest that Synchrony Bank was calling Michaud's cell phone using a robodialer.

14. Synchrony Bank did not have Michaud's consent to use these electronic means to call his cell phone.

15. Michaud also explicitly revoked any consent to be called on his cell phone by a letter that was sent to Synchrony Bank on August 25, 2020. *See letter attached as* **EXHIBIT A**.

16. Despite this explicit revocation, Synchrony Bank continued to robodial Michaud's cell phone.

17. Following his revocation, Synchrony Bank placed robodialed collection calls to Michaud on at least (but not limited to) 411 subsequent occasions.

18. Synchrony Bank disregarded his revocation of consent and willfully continued to contact Michaud with impunity using a prohibited automatic telephone dialing system.

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT

19. Michaud incorporates all other allegations as if set forth herein in full.

20. The TCPA bans using robodialers and artificial voices to call cell phones absent the consumer's explicit consent:

    It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

21. Synchrony Bank violated 47 U.S.C. § 227(b)(1) by knowingly calling Michaud at least 411 times on his cell phone using an automatic dialing system and/or an artificial, pre-recorded voice without Michaud's consent.

22. Synchrony Bank also ignored Michaud's explicit revocation of consent.

23. Synchrony Bank thus willfully and knowingly violated § 227(b)(1).

24. Michaud was stressed and harassed by the frequency of Synchrony Bank's calls to his cell phone, and by his inability to stop these calls, as is his right by statute.

25. The TCPA provides the following remedy for its violation:

   "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

26. Michaud is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Synchrony Bank's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## RELIEF REQUESTED

Michaud requests an Order for the following relief:

1. Judgment in favor of Paul Michaud and against Synchrony Bank, N.A. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.

Date: <u>March 23, 2021</u>                    <u>*/s/Kimberly Zillig*</u>
                                                Kimberly Zillig (#278129)
                                                Andrew C. Walker (#392525)
                                                Walker & Walker Law Offices, PLLC
                                                4356 Nicollet Avenue South
                                                Minneapolis, MN 55409
                                                (612) 824-4357
                                                kimberly@bankruptcytruth.com
                                                andrew@bankruptcytruth.com
                                                ***Attorneys for Paul Michaud***

## Acknowledgment

Plaintiff, by counsel, acknowledges that Minn. Stat. § 549.211 sanctions can be imposed.

Date: <u>March 23, 2021</u>                    <u>*/s/ Kimberly Zillig*</u>
                                                Kimberly Zillig (#278129)

from: Paul Michaud

3934 Humboldt Ave N

Minneapolis, MN 55412

To: Synchrony Bank

170 West Election Road, Ste 125

Draper, UT 84020

To Whom It Concerns,

My name is Paul Michaud.  My phone number is 4016543070.  Please don't call or text me anymore. These calls are very stressful, and I am in a time of financial distress.

If you need to look me up further, the last 4 digits of my social are: 1909, and my birthday is: 05/26/89.

Please do not call or text any of my references either.

**Signed,**   *[signature]*   **Date**   Tuesday, August 25, 2020